IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARRELL MCCLANAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-05076-02-CV-JAM |
| | ) | |
| ANTI-DEFAMATION LEAGUE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's *pro se* Motion for Assistance of Counsel, filed on September 29, 2023. (Doc. 8) On October 5, 2023, Defendants filed their response. (Doc. 15) For the reasons set forth below, Plaintiff's motion (Doc. 8) is denied.

Plaintiff, a recent political candidate in Missouri, has initiated this defamation lawsuit contesting an article released by the Anti-Defamation League ("ADL"). (Doc. 1) The defamation claim primarily revolves around the article's portrayal of Plaintiff. (Doc. 1) For example, Plaintiff states that the article falsely identified him as a "member of the Knight's party, Ku Klux Klan," falsely labeled him as a "White Supremacist, Sore Loser, Angry American" and falsely stated that his social media posts contain "anti-Semitic, anti-government, white supremacist, and bigoted content." (Doc. 1) The Complaint (Doc. 1) further asserts several other statements in the article are false and defamatory, including:

- The assertion that Plaintiff "did not openly express or share [his] extreme views during the primaries or in candidate forums."

- The statement that Plaintiff's candidacy serves as a "stark reminder that extremists, some

1

of whom may purposefully hide their extremist beliefs, continue to seek public office with the hope of influencing mainstream society."

- That the article "attacks McClanahan's Honorary membership to the League of the South without investigating if McClanahan believed in Southern secession or a White dominated South."

Plaintiff seeks to assert a claim for invasion of privacy based on the article's use of a photograph of Plaintiff that he had posted on social media. (Doc. 1) The Complaint also identifies "election interference," because Plaintiff asserts he was a candidate for office at the time the article was published. (Doc. 1) Plaintiff also details the alleged damages he has suffered as a result of the article, stating the ADL published the statements at issue "with actual or constructive knowledge that they were false and with reckless disregard or [sic] whether they were false." (Doc. 1) Plaintiff seeks $150,000 in compensatory damages, $5 million in punitive damages, and an injunction requiring ADL to remove the article from the internet. (Doc. 1)

In Plaintiff's present motion, he states that: (1) he is unable to afford an attorney; (2) he is a stay at home father, and his wife is the sole provider of income to the household; (3) the Federal Rules of Civil Procedure appear very complicated, due to his lack of a high school diploma or GED; (4) he battles dyslexia, thus, he did not read well until the age of thirty; (5) the defense attorneys' appear to have years of education and experience that he does not; and (6) it is well known looking at research that *pro se* litigants rarely prevail. (Doc. 8)

The appointment of counsel for a *pro se* plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted). A court may appoint counsel

2

in a civil case if convinced that an indigent plaintiff has stated a non-frivolous claim, *see* 28 U.S.C. § 1915(e), and where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). The relevant criteria for determining whether counsel should be appointed to represent an indigent plaintiff includes the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 794.

After considering these factors, reviewing the Complaint, the filed financial affidavit (Doc. 9), and Plaintiff's other filings (Docs. 17, 17-1 ), the Court finds that the facts and legal issues presented in this case are not sufficiently complex to justify an appointment of counsel, nor does the Plaintiff otherwise establish entitlement to such assistance. Plaintiff has proven capable of representing himself. Plaintiff can adequately articulate and present his position to the Court. Further, it cannot be said that appointment of counsel would inure to the benefit of those involved, or otherwise advance the interests of justice.

For the reasons set forth above, it is

**ORDERED** that Plaintiff's Motion for Assistance of Counsel (Doc. 8) is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE