# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# JOPLIN-SOUTHWESTERN DIVISION

| | |
|---|---|
| DARRELL McCLANAHAN, <br><br> Plaintiff, <br><br> v. <br><br> ANTI-DEFAMATION LEAGUE, JONATHAN GREENBLATT, and THREE JOHN/JANE DOE DEFENDANTS, <br><br> Defendants. | Case No. 3:23-CV-05076-JAM |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EXCEPTIONS TO U.S. MAGISTRATE'S "REPORT & RECOMMENDATION"

Defendants Anti-Defamation League and Jonathan Greenblatt, by and through counsel, hereby provide their response in opposition to Plaintiff's filing captioned as "Plaintiff's Exceptions to U.S. Magistrate's Report & Recommendation" (Doc. 30) and the suggestions in support thereof (Doc. 30-1) (together, the "Exceptions"). Plaintiff's filing is procedurally improper and, in any event, provides no basis for this Court to re-examine its December 15, 2023 Opinion and Order (the "Order") dismissing Plaintiff's complaint in its entirety, with prejudice. Doc. No. 28.

First, the Exceptions are procedurally improper insofar as they purport to be "exceptions" to a "Report and Recommendation" issued pursuant to Rule 72 of the Federal Rules of Civil Procedure. This Court's Order is no such thing. Because all parties consented to proceeding before a Magistrate Judge, the Order and associated judgment (Doc. 29) represent the final and binding judgment of the Court ending the case. *See* Doc. 26 (form signed by Plaintiff consenting to exercise of jurisdiction by magistrate judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c)); *see also Thermolife Int'l, LLC v. D.P.S. Nutrition, Inc.*, 2016 U.S. Dist. LEXIS 178355,

*4 (W.D. Pa. Jan. 5, 2016) (rejecting objections as "improper" where all parties had consented to magistrate judge's jurisdiction).

Second, even if construed as a Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b), the Exceptions fall well short of meeting the stringent requirements of either Rule.

Rule 59(e) provides for a motion to amend or alter a judgment to be filed within 28 days of the entry of the judgment. The Eighth Circuit has held that post-judgment motions to reconsider generally should be considered as motions under Rule 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Such motions are properly denied where, as here, they merely restate the party's previous arguments, *id.*, or attempt to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1112 (8th Cir. 2017) (citation omitted).

That describes exactly what Plaintiff has attempted here. The majority of the Exceptions merely reiterate arguments he previously made – often word-for-word. *Compare* Doc. 30-1 at 4-6 *with* Suggestions in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 17-1) at 3-5. These arguments, already rejected by the Court, plainly provide no basis for reconsideration of the Order. Plaintiff's one new contention – that he was defamed by the Article's statement that ADL had "tracked [him] for years" – is unavailing for two reasons. First, Plaintiff could have, but did not, challenge this statement in his Complaint, and "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014) (citation omitted). Second, the statement is not actionable as defamation. It does not convey any information about *Plaintiff* – let alone any false factual statement that could damage his reputation – but instead describes *ADL*'s actions. *See,*

*e.g.*, *Sterling v. Rust Communs.*, 113 S.W.3d 279, 283 (Mo. Ct. App. 2003) (statements that are not about plaintiff are not actionable).

Rule 60(b) allows a party to seek relief from a judgment for an enumerated list of reasons, none of which is applicable here:

> "(1) mistake, inadvertence, surprise, or excuseable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). The rule raises a high bar for the party challenging a judgment because it "authorizes relief in only the most exceptional of cases." *IBEW, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002). As with Rule 59(e), Rule 60(b) is not a vehicle for a party to simply "reargue, somewhat more fully, the merits of their claim." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Here, Plaintiff makes no attempt to explain how any of these criteria might be satisfied; rather, as noted above, he simply regurgitates the same arguments this Court has already rejected. Plaintiff's motion is nothing more than an improper attempt to get a second bite at the apple.

Therefore, because Plaintiff has not provided any reason to disturb the Court's judgment, Defendants respectfully request that this Court strike and/or deny Plaintiff's Exceptions, leaving the judgment intact.

Dated: December 29, 2023

By: *s/ Joseph Slaughter*
Joseph Slaughter (*pro hac vice*)
Matthew E. Kelley (*pro hac vice*)
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, New York 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942

3

slaughterj@ballardspahr.com
kelleym@ballardspahr.com

J. Russell Jackson #65689MO
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Phone: (314) 889-7300
Fax: (314) 863-2111
rjackson@dowdbennett.com

*Counsel for Defendant Anti-Defamation League*

## **CERTIFICATE OF SERVICE**

I certify that on this 29th day of December, 2023, I caused the foregoing to be electronically filed via CM/ECF and served on Plaintiff via email and U.S. Mail, as follows:

Darrell McClanahan
24346 South 2425 Road
Milo, MO 64767
amlove555@gmail.com

*Plaintiff pro se*

    *s/ Joseph Slaughter*
Joseph Slaughter