IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| DARRELL MCCLANAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-05076-CV-SW-JAM |
| ) | |
| ANTI-DEFAMATION LEAGUE, ) | |
| JONATHAN GREENBLATT, and THREE ) | |
| JOHN/JANE DOE DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff's response, captioned as "Plaintiff's Exceptions to U.S. Magistrate's Report & Recommendation," to this Court's Order granting Defendants' Motions to Dismiss for Failure to State a Claim and Lack of Jurisdiction. (Doc. 30) Plaintiff also filed a document captioned "Plaintiff's Notice of De Novo Determination to District Court Under UNDER F.R.CV.P. RULE 28".[1] (Doc. 31) Plaintiff essentially asks the Court to enter orders declining to adopt this Court's dismissal Order, misguidedly calling it a "Report and Recommendation." For the following reasons, Plaintiff's filings are denied.

I.  BACKGROUND

On September 22, 2023, this action was removed from the Circuit Court of Vernon County, Missouri, to the Western District of Missouri. (Doc. 1) Subsequently, a notice of Magistrate Judge assignment was issued, requiring parties to submit a form indicating their

---

[1] Federal Rule of Civil Procedure 28 governs persons before whom depositions may be taken.

1

consent or objection to the assignment. Both Plaintiff (Doc. 26) and Defendants (Doc. 26-1) consented to the Magistrate Judge assignment. On September 29, 2023, Defendants filed motions to dismiss (Docs. 10, 11, 12, 13), which were granted by the Court after full briefing (Doc. 28), resulting in the entry of judgment (Doc. 29). Plaintiff now takes exception to the ordered dismissal and associated judgment. (Doc. 30)

In his filing, Plaintiff contends that Defendants falsely claimed to have been tracking him "for years" and asserts that he can prove malice through discovery. (Doc. 30, pp. 1-2) Defendants oppose the filing, arguing that it is procedurally improper and provides no basis for the Court to reconsider its dismissal order (Doc. 31, p. 1).

## II.     ANALYSIS

When a United States Magistrate Judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c). Fed. R. Civ. P. 73. To signify their consent, the parties must jointly or separately file a statement consenting to the referral. *Id*. Upon consent of parties, a full-time United States Magistrate Judge may conduct any or all proceedings in a civil matter and order entry of judgment in the case, and their decision is final and directly appealable if issued under authority of § 636(c). *Baccam v. Ferguson*, 427 F. App'x 542, 543 (8th Cir. 2011).

Plaintiff's "exceptions" to the Order and Clerk's Judgment are procedurally improper. All parties consented to proceeding before the United States Magistrate Judge, and Plaintiff himself signed a form consenting to the exercise of jurisdiction pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. §636(c). (*See* Doc. 26) In accordance with 28 U.S.C. § 636(c)(3), an appeal from

a judgment entered at a United States Magistrate Judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment. As Plaintiff's filings are procedurally improper, they are denied on this ground.

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Auto. Servs. Co., Inc. v. KPMG*, 537 F.3d 853, 855 (8th Cir. 2008). When the motion is made in response to a final order, the Eighth Circuit Court of Appeals has held that Rule 59(e) applies. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Courts have broad discretion in ruling on Rule 59(e) motions, which serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). A Rule 59(e) motion cannot be used to rehash arguments already advanced and lost. *Schoffstall*, 233 F.3d at 827.

Review of the instant filings reveal Plaintiff has not met the burden for reconsideration. Plaintiff primarily restates arguments raised in his original response and multiple suggestions (Docs. 17, 17-1, 21, 22, 23) and only now asserts for the first time that ADL was tracking him (Doc. 30). He does not identify error or newly discovered evidence, but merely claims defamation based on the Article's assertion that ADL had "tracked [him] for years." Attempts such as this to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment" are unavailing. *See Chapman v. Hiland Partners GP Holdings, LLC,* 862 F.3d 1103, 1112 (8th Cir. 2017) (citation omitted).

3

Plaintiff had the opportunity to dispute this statement in the initial Complaint but chose not to do so; parties cannot modify their complaints through subsequent arguments or verbal presentation. *Thomas v. United Steelworkers Local* 1938, 743 F.3d 1134, 1140 (8th Cir. 2014). Moreover, the statement itself is not legally actionable as defamation; it does not impart any information about Plaintiff and merely characterizes the actions of ADL. *Sterling v. Rust Communs.*, 113 S.W.3d 279, 283 (Mo. Ct. App. 2003). This new assertion and rehashing of prior arguments simply does not trigger the threshold for reconsideration. Plaintiff's filings are denied on this ground.

Analysis of Plaintiff's filings under Federal Rule of Civil Procedure 60(b) results in the same outcome. Rule 60(b) provides specific circumstances in which a party in a civil case may receive relief from a final order including, *inter alia*, mistake, newly discovered evidence, and fraud. "Rule 60(b) vests wide discretion in the courts," but relief is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Such circumstances have not been shown here.

### III. CONCLUSION

As a result, it is

**ORDERED** that Plaintiff's filings at Document 30 and Document 32 are denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE